UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
MELANIE HIERONIMUS, on behalf of herself and all other persons similarly situated,

Plaintiffs,

-against-

JY132 MANAGEMENT INC., LY NEW YORK HOTEL INC., LISA YE and VIVIAN MARIE "DOE,"

Defendants.
--------------------------------------------------------------------X

**AMENDED COMPLAINT**

*FLSA Collective Action*

Plaintiff, MELANIE HIERONIMUS ("Plaintiff"), on behalf of herself and all other persons similarly situated, by and through her counsel, the Romero Law Group PLLC, complaining of the Defendants, JY132 MANAGEMENT INC., LY NEW YORK HOTEL INC., LISA YE and VIVIAN MARIE "DOE" (collectively "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Defendants own and operate a hotel. Plaintiff performed non-exempt work for the Defendants. Plaintiff regularly worked more than 40 hours in a work week but was not paid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law ("NYLL").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. Defendants do business in the State of New York, within the Eastern District of New York.

## PARTIES

5. Defendant, JY132 MANAGEMENT INC., was and still is a domestic business corporation that operates a hotel in the County of Queens and State of New York.

6. At all times relevant, Defendant, JY132 MANAGEMENT INC., is engaged in the hotel business and is an "enterprise engaged in commerce" within the meaning of the FLSA.

7. Defendant, LY NEW YORK HOTEL INC., was and still is a domestic business corporation that operates a hotel in the County of Queens and State of New York.

8. At all times relevant, Defendant, LY NEW YORK HOTEL INC., is engaged in the hotel business and is an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all times relevant, Defendants had "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

10. Defendants' hotel requires a "wide variety" of materials that have moved through interstate commerce such as furniture, linens, cleaning supplies, paper products, and more.

11. Plaintiff was a non-exempt employee of the Defendants and "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

12. Plaintiff's duties included taking credit card payments. In performing her duties, Plaintiff handled or worked with goods which undoubtedly moved in interstate commerce.

13. At all times relevant, Defendants were and still are an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

14. At all times relevant, Defendants were subject to the requirements of the FLSA because they had annual gross revenue of at least $500,000, were engaged in interstate commerce

and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

15. Defendant, LISA YE, is a shareholder and/or officer of the corporate defendants, has authority to make payroll and personnel decisions for the corporate defendants, and is active in the day-to-day management of the corporate defendants, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiff.

16. Defendant, VIVIAN MARIE "DOE", is a shareholder and/or officer of the corporate defendants, has authority to make payroll and personnel decisions for the corporate defendants, and is active in the day-to-day management of the corporate defendants, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiff.

**STATEMENT OF FACTS**

17. Plaintiff was employed by Defendants as a front desk clerk at the hotel located at 15-61 127th Street, College Point, New York 11356 from in or about May 2026 to in or about August 2026. Plaintiff performed non-exempt duties for the Defendants.

18. During her employment with Defendants, Plaintiff worked more than 40 hours in a workweek, but she was not paid overtime at the rate of one and one-half times her regular rate for hours that she worked after 40 hours in a workweek. Instead, Defendants paid Plaintiff at her regular rate of pay for all hours worked, including those hours that she worked after 40 hours in a workweek.

19. For example, during the pay period July 27, 2026 to August 9, 2026, Plaintiff worked 6 consecutive days, more than 40 hours in single workweek. Defendants failed to pay Plaintiff time and one-half for the hours that she worked after 40 hours in a workweek and, instead, paid Plaintiff for all 76.28 hours that she worked during the period at her regular rate of pay.

20. Defendants automatically deducted 30 minutes from time worked each workday for meal breaks that Plaintiff did not receive. As a result, Defendants failed to compensate Plaintiff for all hours that she worked each workweek.

21. Defendants failed to provide Plaintiff upon hire written notice of her regular rate of pay, overtime rate, and other information required by Section 195(1) of the NYLL.

22. Defendants failed to furnish Plaintiff with an accurate statement with every payment of wages listing the overtime rate of pay, the number of regular hours worked, and the number of overtime hours worked in violation of NYLL § 195(3).

23. Defendants' failure to properly state Plaintiffs' regular rate and overtime rate upon hire, and failure to properly state Plaintiffs' correct overtime rate of pay each pay period, prevented Plaintiffs from knowing to what extent they had been underpaid and seeking payment for the precise amount of their unpaid wages.

24. As a result, Plaintiffs were deprived of their income for longer than they would have been had they been able to timely raise their underpayment earlier. Plaintiffs were unable to determine how much they had been underpaid throughout their employment. Plaintiffs would have asserted their claims for unpaid wages sooner if accurate statements had been provided.

25. Defendants' failure to provide accurate notices and statements not only denied Plaintiffs the time-value of the underpayments they seek to recover in this action, but also resulted in continued practice of paying Plaintiffs less than one and one-half times their regular rate for hours that they worked after 40 hours per workweek.

## **COLLECTIVE ACTION ALLEGATIONS**

26. At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay

provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

27. Plaintiff brings FLSA claims on behalf of herself and all persons similarly situated who work or have worked in non-exempt positions who give their consent in writing to become plaintiffs and who worked at Defendants' hotel at any time during the three (3) years prior to the filing of their respective consent forms.

28. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff and have been underpaid in violation of the FLSA. Named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as her own interest in bringing this action.

29. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all persons who are currently, or have been, employed by the Defendants in non-exempt positions at any time during the three (3) years prior to the filing of their respective consent forms.

30. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

31. On August 16, 2026, Plaintiff resigned effective August 21, 2026, due to Defendants' continued failure and/or refusal to pay her overtime for the hours that she worked after 40 hours per workweek. Plaintiff asked Defendant Vian Marie to mail her final paycheck to her home address. Defendants refused, in violation of NYLL § 191, to mail Plaintiff's final paycheck and, instead, insisted that Plaintiff come to their hotel to pick up her paycheck in person. When Plaintiff informed Defendants that their refusal to mail her final paycheck upon her request violated NYLL § 191, Defendants retaliated against Plaintiff in violation of NYLL § 215 by terminating her employment effective *immediately*, and by withholding her paycheck beyond the time permitted by NYLL § 191. In fact, Defendants have continued to withhold Plaintiff's final paycheck as of the date of the filing of this Amended Complaint.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT: OVERTIME WAGES**

32. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

33. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the regular rate in violation of the FLSA.

34. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs.

35. Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: OVERTIME WAGES**

36. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

37. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times her regular rate of pay in violation of NYLL.

38. By Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, § 650 et seq., and the supporting the NYS Department of Labor Regulations and 12 N.Y.C.R.R. Part 146.

39. Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: MINIMUM WAGES**

40. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

41. Defendants willfully failed to pay Plaintiff for all compensable time worked each workweek in violation of NYLL.

42. Plaintiff is entitled to recover from Defendants unpaid wages, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

**FOURTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: WAGE NOTICE**

43. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

44. Defendants failed to provide Plaintiff upon hire with written notice of her rate of pay and other information required by NYLL § 195(1).

45. Defendants are liable to Plaintiff for statutory damages from Defendants pursuant to NYLL § 198.

**FIFTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: WAGE STATEMENTS**

46. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

47. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by NYLL § 195(3).

48. Defendants are liable to Plaintiff for statutory damages from Defendants pursuant to NYLL § 198.

**SIXTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: RETALIATION**

49. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

50. Defendants retaliated against Plaintiff because she complained to Defendants that they had engaged in conduct that she reasonably, and in good faith, believed was done in violation of NYLL § 191.

51. Defendants' conduct was willful and their actions were taken in conscious disregard of Plaintiff's rights.

52. Defendants are liable to Plaintiff for lost compensation, liquidated damages, damages, costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Certification of this case as a collective action under 29 U.S.C. § 216(b);

(ii) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(iii) Unpaid overtime wages, spread of hours pay, liquidated damages, statutory damages and interest pursuant to NYLL § 198(1-a);

(iv) An award of damages for Defendants' violation of NYLL § 215;

(v) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(vi) All attorneys' fees and costs incurred in prosecuting these claims; and

(vii) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
September 9, 2026

ROMERO LAW GROUP PLLC

By: */s/ Peter A. Romero*
________________________

Peter A. Romero, Esq.
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiffs*